**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:22-cv-62399-RAR**

VIRGINIE FAIZOMA,

Plaintiff,

v.

BERELLI ENTERPRISES, LLC
d/b/a CHEVRON and BENEDICT
RAMRATTAN, individually, jointly,
and severally,

Defendants.

_________________________________/

## AMENDED COMPLAINT

Plaintiff, VIRGINIE FAIZOMA ("Plaintiff" or "Ms. Faizoma"), by and through her undersigned counsel, hereby files this Complaint against Defendants, BERELLI ENTERPRISES, LLC d/b/a CHEVRON (hereinafter "Chevron"), a Florida Corporation, and BENEDICT RAMRATTAN (hereinafter "Mr. Ramrattan" and collectively, "Defendants"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because the Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to

Plaintiff's claims within the Southern District of Florida; pursuant to 28 U.S.C § 1391(b) and (c); and because the Defendants are subject to personal jurisdiction herein.

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02

## PARTIES

5. Plaintiff is a resident of Broward County, Florida. During all times relevant to this Complaint, Plaintiff was employed by the Defendants as a non-exempt, hourly paid Cashier. Plaintiff was therefore an "employee" as defined in 29 U.S.C § 203 (e) and covered as an individual under the FLSA.

6. Defendant Chevron is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Plantation, Broward County, Florida.

7. Defendant Chevron has, at all times material hetero, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant Mr. Ramrattan has, at all times hereto, resided in the Southern District of Florida.

9. Defendant Mr. Ramrattan is, at all times hereto, an owner and/or operator of Defendant Chevron.

10. Defendant Mr. Ramrattan, at all times hereto, acted directly in the interest of Defendant Chevron in relation to its employees.

11. Defendant Mr. Ramrattan had, at all times hereto, exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of Defendant Chevron.

12. Defendant Mr. Ramrattan was and is an employer within the meaning of 29 U.S.C. § 203(d).

13. This case is brought under 29 U.S.C. § 216(b). Defendants employed Plaintiff who was not paid overtime wages for all hours worked from the filing of this complaint, back to the start of Plaintiff's employment.

**FLSA COVERAGE**

14. Defendant Chevron is an employer as defined by the FLSA in that Defendant, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of $500,000.00 per year in revenue, and had employees regularly engaged in interstate and intrastate commerce. Defendant Chevron is therefore covered as an "enterprise" as defined by the FLSA 29 U.S.C. § 203(s).

**GENERAL ALLEGATIONS**

15. Plaintiff worked for Defendants as a non-exempt cashier from May 2019 to February 2021, and again from April 10, 2022, until her resignation on April 22, 2022.

16. Plaintiff performed non-exempt duties for Defendants and was therefore entitled to be compensated for overtime work.

17. During Plaintiff's employment between May 2019 and February 2021, she was paid an hourly rate of $10.00 per hour. During Plaintiff's employment from April 10, 2022, to April 22, 2022, she was to be paid an hourly rate of $12.00 per hour.

18. Defendants never tracked those hours (which were overtime hours), nor compensated Plaintiff for same, resulting in a violation of the FLSA.

19. During the above time period, Plaintiff was never paid overtime compensation for all hours worked over forty (40) in a week.

20. Plaintiff estimates that on average during the relevant FLSA time period, she worked anywhere from fifteen (15) to twenty (20) overtime hours per week with Defendant Mr. Ramrattan's express knowledge, and at his direction.

21. Additionally, Plaintiff has yet to receive compensation for all hours worked between April 10, 2022, and April 22, 2022, despite multiple requests for same.

22. Between April 10, 2022, and April 16, 2022, Plaintiff worked a total of fifty-six (56) hours, however, Defendants failed to compensate Plaintiff any and all wages for all hours worked, including overtime hours.

23. Between April 17, 2022, and April 22, 2022, Plaintiff again worked a total of fifty-six (56) hours, however, Defendants failed to compensate Plaintiff any and all wages for all hours worked, including overtime hours.

24. While Plaintiff does not have access to all of her pay records from December 22, 2019, through her resignation – the relevant timeframe for which Defendants failed to compensate Plaintiff proper overtime wages – Plaintiff estimates her overtime damages to be, based on the above estimations as follows:

a. December 22, 2019, through February 1, 2021: $15.00 owed for each overtime hour ($10.00 X 1.5) X 15 overtime hours per week = $225.00 owed per week X 58 weeks = **$13,050.00, unliquidated**, and **$26,100.00, liquidated**, plus attorneys' fees and costs.

b. April 10, 2022, through April 22, 2022: $18.00 owed for each overtime hour ($12.00 X 1.5) X 16 overtime hours per week = $288.00 owed per week X 2 weeks = **$576.00, unliquidated**, and **$1,152.00, liquidated**, plus attorneys' fees and costs.

c. Total overtime time hours owed for the relevant timeframe: **$13,626.00, unliquidated**, and **$27,252.00, liquidated**, plus attorneys' fees and costs.

25. Additionally, not only did Defendants fail to compensate Plaintiff's overtime hours, but also Defendants failed to compensate Plaintiff's regular hours worked between April 10, 2022, through April 22, 2022 – Plaintiff is owed her regular wages as follows:

a. April 10, 2022, through April 16, 2022: $12.00 per hour X 40 hours per week = **$480.00, unliquidated**, and **$960.00, liquidated**, plus attorneys' fees and costs. April 17, 2022, through April 22, 2022: $12.00 per hour X 40 hours per week = **$480.00, unliquidated**, and **$960.00, liquidated**, plus attorneys' fees and costs.

b. Total owed for regular hours worked between April 10, 2022, through April 22, 2022: **$960.00, unliquidated**, and **$1,920.00, liquidated**, plus attorneys' fees and costs.

26. Based on the above calculations for the relevant timeframe, Plaintiff is approximately owed a total of **$14,586.00, unliquidated**, and **$29,172.00, liquidated**, plus attorneys' fees and costs, in unpaid wages and unpaid overtime wages.

27. At all times relevant, Defendants failed to keep and maintain accurate records of all hours worked by Plaintiff.

28. Prior to the filing of this lawsuit, Defendants did not consult with an attorney to evaluate whether Plaintiff was exempt from the overtime provision of the FLSA.

29. Prior to the filing of this lawsuit, Defendants did not consult with the Department of Labor to evaluate whether Plaintiff was exempt from the overtime provision of the FLSA.

30. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to evaluate whether Plaintiff was exempt from the overtime provision of the FLSA.

31. Based on the allegations in Paragraphs above, Plaintiff is entitled to liquidated damages as Defendants had no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

32. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

33. Plaintiff is entitled to her reasonable attorney's fees and costs if she is the prevailing party in this action.

## CONDITIONS PRECEDENT

34. All conditions precedent have either occurred, been performed by the Plaintiff, or have been waived.

## COUNT I – UNPAID WAGES
## (AGAINST DEFENDANTS CHEVRON AND MR. RAMRATTAN)

Plaintiff realleges the allegations set forth above in paragraphs one (1) through thirty-four (34) as if set forth herein in full.

35. Plaintiff and Defendants entered into an oral agreement whereby Plaintiff performed services as a Cashier in exchange for payment from Defendants.

36. According to the agreement, Defendants agreed to pay Plaintiff $12.00 per hour.

37. Defendants have completely failed to pay Plaintiff any and all compensation for the work performed on Defendants' behalf, between April 10, 2022, and April 22, 2022.

38. Between April 10, 2022, and April 16, 2022, Plaintiff worked a total of fifty-six (56) hours, however, Defendants failed to compensate Plaintiff any and all wages for all hours worked.

39. Between April 17, 2022, and April 22, 2022, Plaintiff again worked a total of fifty-six (56) hours, however, Defendants failed to compensate Plaintiff any and all wages for all hours worked.

40. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of wages as required by the FLSA and remains owing Plaintiff these wages for the above stated timeframe.

41. Defendants willfully and intentionally refused to pay Plaintiff's wages as required by the laws of the United States as set forth above and remains owing Plaintiff these wages as set forth above.

42. Plaintiff is also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff VIRGINIE FAIZOMA, requests judgment against Defendants as follows:

a. Award Plaintiff actual damages in the amount shown to be due for unpaid wages for hours worked during her last two (2) weeks of employment with Defendants as well as overtime wages detailed above, with interest;

b. Award Plaintiff an equal amount in liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

c. Award Plaintiff reasonable attorneys' fees and costs of suit;

d. A jury trial on all issues so triable; and

e. Such other relief as the Court deems just and proper.

**COUNT II – OVERTIME COMPENSATION**
**(AGAINST DEFENDANTS CHEVRON AND MR. RAMRATTAN)**

Plaintiff realleges the allegations set forth above in paragraphs one (1) through thirty-four (34) as if set forth herein in full.

43. During the FLSA relevant time period, Plaintiff worked in excess from fifteen (15) to twenty (20) overtime hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

44. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours and failure to properly record and/or account for, all hours worked outside of the gas station.

45. At all times material hereto, Defendants failed to accurately record all hours worked by Plaintiff, and did not fully compensate Plaintiff for her overtime hours worked for Defendants in excess of forty (40) hours per week as required by Section 207 of the FLSA.

46. Defendants' pay practices in this regard violated the overtime pay provisions of the FLSA.

47. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

48. Defendants failed to properly disclose to, or apprise Plaintiff of, her rights under the FLSA.

49. Due to the intentional, willful, and unlawful acts of Defendants, Ms. Faizoma suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

50. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C § 216(b).

**WHEREFORE**, Plaintiff VIRGINIE FAIZOMA, requests judgment against Defendants as follows:

a. Declare Defendants' policy of failing to keep accurate time records and not paying Plaintiff overtime compensation illegal under the FLSA;

b. Find that Defendants' violation of the FLSA was willful and impose a three-year statute of limitations period for Plaintiff's FLSA claims;

c. Award Plaintiff all unpaid overtime compensation due and owing;

d. Award Plaintiff an amount equal to the unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

e. Award Plaintiff pre-judgment interest if liquidated damages are not awarded;

f. Award Plaintiff post-judgment interest as provided by law;

g. Award Plaintiff reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

h. Award Plaintiff such other relief as the Court deems fair and equitable.

**COUNT III - VIOLATION OF FLSA**
**MINIMUM WAGE**

Plaintiff realleges the allegations set forth above in paragraphs one (1) through thirty-four (34) as if set forth herein in full.

51. At all times hereto, between April 10, 2022, and April 22, 2022, Plaintiff was not compensated for any and all hours worked.

52. Between April 10, 2022, and April 16, 2022, Plaintiff worked a total of fifty-six (56) hours, however, Defendants failed to compensate Plaintiff any and all wages for all hours worked.

53. Between April 17, 2022, and April 22, 2022, Plaintiff again worked a total of fifty-six (56) hours, however, Defendants failed to compensate Plaintiff any and all wages for all hours worked.

54. The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

55. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

56. Plaintiff is entitled to liquidated damages pursuant to Fla. Sta. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff VIRGINIE FAIZOMA, requests judgment for:

a. Minimum wage payment, wages salary, lost benefits, and any compensation denied or lost to Ms. Faizoma by reason of Defendants' FLSA violation.

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. A jury trial on all issues so triable;

e. Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

DATED THIS 9th day of February, 2023.

FRIEDLAND & ASSOCIATES
707 NE 3RD Avenue, Suite 201
Fort Lauderdale, Florida 33304
954-321-8810; 954-312-8995 (facsimile)
Pleadings@yourfightourbattle.com

By: /s/ *Greeny Valbuena*___________
Lee Friedland, Esquire
Fla. Bar No. 991163
Greeny Valbuena, Esquire
Fla. Bar No.: 1018239

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of February 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail or by electronic mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

FRIEDLAND & ASSOCIATES, P.A.
Attorneys for Plaintiff
707 NE 3rd Avenue, Suite 201
Fort Lauderdale, Florida 33304
954 321-8810; 954 321-8995 (facsimile)
greeny@yourfightourbattle.com
pleadings@yourfightourbattle.com

By: /s/ *Greeny Valbuena*___________
Lee Friedland, Esquire
Fla. Bar No. 991163
Greeny Valbuena, Esquire
Fla. Bar No.: 1018239