**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:22-cv-62399-RAR**

VIRGINIE FAIZOMA,

Plaintiff,

v.

BERELLI ENTERPRISES, LLC
d/b/a CHEVRON and BENEDICT
RAMRATTAN, individually, jointly,
and severally,

Defendants.

_________________________________/

**NOTICE OF FILING PLAINTIFF'S STATEMENT OF CLAIM AND RESPONSE TO ORDER TO SHOW CAUSE**

Pursuant to this Court's Order to Show Cause dated February 8, 2023, [D.E. 12], Plaintiff, VIRGINIE FAIZOMA, by and through undersigned counsel, hereby submits a response to this Court's Order to Show Cause, and states as follows:

1. On February 8, 2023, this Court issued an Order to Show Cause as Plaintiff failed to comply with this Court's Order dated January 24, 2023. [D.E. 12]

2. Unfortunately, undersigned counsel's legal secretary inadvertently entered this Court's deadline on the wrong date.

3. Due to this inadvertent mistake, undersigned counsel was not aware of this Court's deadline until yesterday morning when this Court issued its Order to Show Cause.

4. Accordingly, Plaintiff's respectfully requests not to impose any sanctions as Plaintiff's actions were not dilatory, obstructionist, nor uncooperative.

5. In compliance with this Court's Order to Show Cause dated February 8, 2023, Plaintiff hereby gives Notice of filing the following Statement of Claim:

**STATEMENT OF CLAIM**

Plaintiff states the following:

1. Plaintiff was employed by Defendants from May 2019 to February 2021, and again from April 10, 2022, until April 22, 2022. Defendants hired Plaintiff to work as a non-exempt cashier. Plaintiff regularly worked for Defendants in excess of forty (40) hours within a work week without receiving the proper overtime compensation. Between May 2019 and February 2021, Plaintiff was paid $10.00 per hour, and was paid for up to forty (40) hours per week. Plaintiff was required to work between fifty-five (55) to sixty (60) hours each week. Between April 10, 2022, and April 22, 2022, Plaintiff was to be paid $12.00 per hour, she worked a total of fifty-six (56) hours each week, but Defendants failed to compensate any and all hours worked between this timeframe. Upon receipt of Defendants' records, if necessary, Plaintiff will supplement and/or amend this Statement of Claim, to reflect actual damages owed. Accordingly, Plaintiff is entitled to compensation for her regular hours worked, which Plaintiff estimates her damages to be as follows:

a. April 10, 2022, through April 16, 2022: $12.00 per hour X 40 hours per week = **$480.00 (unliquidated)**, and **$960.00 (liquidated)**, plus attorneys' fees and costs. April 17, 2022, through April 22, 2022: $12.00 per hour X 40 hours per week = **$480.00 (unliquidated)**, and **$960.00 (liquidated)**, plus attorneys' fees and costs.

b. Total owed for regular hours worked between April 10, 2022, through April 22, 2022: **$960.00 (unliquidated)**, and **$1,920.00 (liquidated)**, plus attorneys' fees and costs.

2. Additionally, Plaintiff is entitled to compensation for overtime hours worked each work week, Plaintiff estimates her damages based on a time and a half method as follows:

a. December 22, 2019, through February 1, 2021: $15.00 owed for each overtime hour ($10.00 X 1.5) X 15 overtime hours per week = $225.00 owed per week X 58 weeks = **$13,050.00 (unliquidated)**, and **$26,100.00 (liquidated)**, plus attorneys' fees and costs.

b. April 10, 2022, through April 22, 2022: $18.00 owed for each overtime hour ($12.00 X 1.5) X 16 overtime hours per week = $288.00 owed per week X 2 weeks = **$576.00 (unliquidated)**, and **$1,152.00 (liquidated)**, plus attorneys' fees and costs.

c. Total overtime time hours owed for the relevant timeframe: **$13,626.00 (unliquidated)**, and **$27,252.00 (liquidated)**, plus attorneys' fees and costs.

3. Based on the above calculations for the relevant timeframe, Plaintiff is approximately owed a total of **$14,586.00 (unliquidated)**, and **$29,172.00 (liquidated)**, plus attorneys' fees and costs, in unpaid wages and unpaid overtime wages.

4. Plaintiff is seeking her full payment of all actual regular wages owed and overtime wages owed, an equal amount in liquidated damages, plus reasonable attorneys' fees and costs, on her behalf during the litigation of this case.

Dated this 9th day of February, 2023.

Respectfully submitted,

FRIEDLAND & ASSOCIATES
707 NE 3RD Avenue, Suite 201
Fort Lauderdale, Florida 33304
Telephone: 954-321-8810
Facsimile: 954-312-8995
Pleadings@yourfightourbattle.com

By: /s/ *Greeny Valbuena*___________
Lee Friedland, Esquire
Fla. Bar No. 991163
Greeny Valbuena, Esquire
Fla. Bar No.: 1018239

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of February 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail or by electronic mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

FRIEDLAND & ASSOCIATES, P.A.
Attorneys for Plaintiff
707 NE 3rd Avenue, Suite 201
Fort Lauderdale, Florida 33304
954 321-8810; 954 321-8995 (facsimile)
greeny@yourfightourbattle.com
pleadings@yourfightourbattle.com

By: /s/ *Greeny Valbuena*___________
Lee Friedland, Esquire
Fla. Bar No. 991163
Greeny Valbuena, Esquire
Fla. Bar No.: 1018239