UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-62399-CIV-RUIZ

VIRGINIE FAIZOMA,

Plaintiff,

v.

BERELLI ENTERPRISES, LLC, and
BENEDICT RAMRATTAN,

Defendant.
_______________________________________/

**DEFENDANTS' MOTION TO DISMISS INCLUDING BECAUSE OF LACK OF SUBJECT MATTER JURISDICTION—MOOTNESS**

Defendants, Berelli Enterprises, LLC and Benedict Ramrattan, by and through undersigned counsel, file this Motion to Dismiss Including Because of Lack of Subject Matter Jurisdiction—Mootness, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and (h)(3), and in support state:

## BACKGROUND

The Plaintiff has filed a Complaint setting forth in substantive counts, pursuant to § 207 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for alleged unpaid wages (Count I), failure to pay overtime (Count II), and pursuant to § 206 for alleged failure to pay minimum wages (Count III). Plaintiff seeks overtime and liquidated damages. Plaintiff worked for only a few months in the 2021 time period and for about 10 days in April 2022. The Plaintiff apparently wants the Court to believe she was not paid her overtime for several months in 2021 but then went back to the job 1 year later, which is not believable. In any event, after 10 days, Defendants caught Plaintiff stealing $500.00, to which Plaintiff admitted in writing, but the corporate Defendant still instructed Plaintiff to pick up her last paycheck, but Plaintiff refused,

apparently feeling guilty about having been caught stealing. (*Decl. of Benedict Ramrattan* ¶¶ 1-6, attached hereto as Exhibit 1). In any event, the corporate Defendants pay records show that Plaintiff never worked any overtime and she was barred from working overtime because she was on governmental assistance that would have been illegal for Plaintiff to obtain if she worked full-time hours. *Id.* ¶¶ 2-5. The final paycheck has been provided to Plaintiff, and so that issue is moot, however, Plaintiff acknowledged in writing that she stole the money and was not going to pick up the paycheck. *Id.* A video of the Plaintiff stealing the $500.00 (a felony in Florida) was provided to Plaintiff's counsel. *See* Video Surveillance Link.

The mootness doctrine applies to FLSA actions. *Id.*; *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1244 (11th Cir. 2003). The district courts in the Southern District of Florida have previously ruled that when an offer of full relief is provided in an FLSA case, the case is rendered moot, and the plaintiff is *not* entitled to attorneys' fees or costs. *Gathagan v. The Rag Shop/Hollywood, Inc.,* 2005 WL 6504414 (S.D. Fla. 2005) (holding that the defendant tendering an offer of full relief for $13,364.42—the net amount for $18,482.00 that was due for unpaid overtime—and a check for $18,482.00 for liquidated damages rendered the action moot). Here, in an abundance of caution, given the state of the case law following *Gathagan*, which suggests that an offer of full relief in a case in which a fee-shifting statute is involved, needs to be accompanied by a statement that the plaintiff's attorney's reasonable fees will be decided by the Court, or the amount of the fees needs to be tendered, Defendants submitted their offer of full relief allowing Plaintiff's counsel to receive a reasonable fee. Given the circumstances, Defendants question whether any fee is reasonable, but will leave that up to the discretion of the Court. In any event, the Court should certainly hold that this case is moot. Defendants move to dismiss with prejudice pursuant to Rule 12(b)(1) and (h)(3) (and any other

applicable rule or theory of relief) on the grounds that their tender to Plaintiff mooted this action (at least as to Counts I and III and as to Count II as to April 2022 timeframe), with the Court retaining jurisdiction to entertain a reasonable amount of attorneys and costs (if any). As to Count II, the time and pay records show that Plaintiff did not work overtime, and she could not without committing governmental fraud. (*Decl. of Benedict Ramrattan* ¶¶ 1-6)

**MEMORANDUM OF LAW**

## I. THE LEGAL STANDARDS FOR GRANTING A MOTION TO DISMISS UNDER RULE 12(b)(1) AND (h)(3)

It is settled that "the party invoking the Court's jurisdiction, bears the burden of demonstrating that this matter falls within the Court's subject matter jurisdiction." *Makro Capital of Am., Inc. v. UBS AG*, 436 F. Supp. 2d 1342, 1345 (S.D. Fla. 2006); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (holding that "the burden is on the plaintiff to prove that jurisdiction exists"). In all cases, to escape a Rule 12(b)(1) motion to dismiss, the lawsuit must remain a live case or controversy subject to the federal courts' judicial power under Article III of the Constitution. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) (Rule 12(b)(1) motion granted where actual controversy had been rendered moot). Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Because the Defendant submits the Declaration of Benedict Ramrattan with this Motion, an issue arises concerning whether the Court must convert the Motion into a motion for summary judgment in order to consider that evidence. Normally, only the four corners of the plaintiff's complaint, taken as true, will be the basis for determining whether the pleader has stated valid claims, Jack H. Friedenthal, et al., *Civil Procedure*, § 5.22, at 295 (2d ed. 1993); however, in the

context of FLSA cases in which jurisdiction is being challenged and an affidavit from a manager or owner of the company with knowledge of the reason for lack of jurisdiction submitted with a motion to dismiss may be considered without converting the motion to dismiss into a motion for summary judgment and without any additional discovery. *See, e.g.*, *Cordero v. Red Grouper, Inc.*, 2008 WL 1781158 (M.D. Fla. 2008) (denying a motion to permit discovery limited to the issue of enterprise coverage and holding that tax returns are enough to decide the issue); *Lopez v. Top Chef Investment, Inc.*, 2007 WL 4247646, *3 (S.D. Fla. 2007) (rejecting plaintiff's conclusory assertions that the defendant had gross revenue that exceeded $500,000 annually, and accepting the figures on the defendant's tax returns in granting summary judgment for defendant); *Russell v. Continental Restaurant, Inc.*, 430 F. Supp.2d 521, 524 (D. Md. 2006) (granting motion to dismiss filed by restaurant sued by a waitress, and disallowing any discovery with regard to the tax returns and affidavit submitted with the motion).

The Eleventh Circuit has considerable precedent in the Rule 12(b)(6) context that holds that a court must convert a motion to dismiss into a motion for summary judgment when matters outside of the four corners of the complaint are submitted with the motion, and must give the non-moving party ten (10) days' notice to marshal evidence in response to the motion, but has numerous exceptions to that general rule. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). In *Day*, the court held that a district court can consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached documents are 1) central to the plaintiff's claim and 2) undisputed. *Day*, 400 F.3d at 1276. In this context, "undisputed" means that the authenticity of the documents is not challenged. *Id.* In this case, the facts that the corporate Defendant's time and pay records demonstrate that the Plaintiff did not work overtime, that Plaintiff was paid her

last paycheck, and abandoned it are central to Plaintiff's claims, because there are jurisdictional allegations alleged in the Complaint and the statements directly pertain to those allegations, and it cannot be disputed by the Plaintiff that the documents are authenticate and Plaintiff's own WhatsApp chats demonstrate that she stole and abandoned the last paycheck which was thereafter sent to Plaintiff's counsel. *Id.*

It is not known for certain if the Plaintiff desires to engage in discovery concerning the matters raised in the affidavit of Ramrattan. Whether Plaintiff's counsel does or not, the above case law shows that the Court does not have to allow that. In any event, undersigned counsel raises these points to inform the Court of the appropriate range of relief, and concerning whether to allow discovery or not. If the Plaintiff challenges the averments, and if the Court does allow discovery, Defendants request that the Court limit discovery to only the issues of the hours Plaintiff worked, whether she committed governmental fraud, whether she stole $500.00 from the corporate Defendant, whether she abandoned her last paycheck which Defendant paid in any event, and that discovery be limited to ninety (90) days. *Delisle v. LGY Corp.*, 535 F. Supp. 2d 1266 (S.D. Fla. 2008); *Guzman v. Irmadan, Inc.*, 2008 WL 926375 (S.D. Fla., Mar. 4, 2008). Undersigned counsel raises this issue because the Defendants do not desire for the amount of attorneys' fees expended in engaging in discovery with respect to jurisdiction to be prohibitive, or exceed the amount of alleged overtime that is owed.[1]

---

[1] The Court should note that other Judges in the federal courts have allowed plaintiffs approximately thirty (30) days in which to respond to a motion to dismiss or for summary judgment that challenges subject matter jurisdiction in a FLSA case. *Delisle v. LGY Corp.*, 535 F. Supp. 2d 1266 (S.D. Fla. 2008); *Guzman v. Irmadan, Inc.*, 2008 WL 926375 (S.D. Fla., Mar. 4, 2008); *Lainez v. Francis Eng'g*, 2008 WL 3875406, *1 (S.D. Fla., Aug. 4, 2008) (allowing thirty (30) days for discovery). In *Delisle*, Judge Seitz gave the plaintiff approximately thirty (30) days to engage in discovery and file a response to the Motion for Summary Judgment. In *Irmadan, Inc.*, Judge Altonaga provided the plaintiff with thirty-four (34) days in which to engage in discovery and file a response. In neither case did the Court outright deny the motions

## II. THE OFFER OF FULL RELIEF FOR THE LAST PAYCHECK CLEARLY RENDERS THE ACTION MOOT, WHICH REQUIRES THAT IT BE DISMISSED

In sum, the case law holds that when an offer is provided that also allows for reasonable attorneys' fees to be awarded when they are available the case is moot, and it should be dismissed and reasonable attorneys' fees should be awarded. *See, e.g., Gray v. Kern*, 143 F. Supp. 3d 363, 366–67 (D. Md. 2016). How the courts got there is set forth below.

In early 2016, the Supreme Court issued a decision in *Campbell–Ewald Co. v. Gomez*, — U.S. —, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016), which abrogated the well-known *Warren* case. In *Gomez*, the Supreme Court "granted *certiorari* to resolve a disagreement among the Courts of Appeals over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction." *Id.* at 669. The Supreme Court, in a 6-3 decision issued by Justice Ginsburg, found,

> in accord with Rule 68 of the Federal Rules of Civil Procedure, that an unaccepted settlement offer has no force. Like other unaccepted contract offers, it creates no lasting right or obligation. With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists.

*Id.* at 666. The Supreme Court concluded that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate Gomez's complaint." *Id.* at 672. Based on the Supreme Court's holding in *Gomez*, Defendants hoped to prevent the automatic revocation that results from an unaccepted Rule 68 offer, and

---

to dismiss/summary judgment, but rather converted them to summary judgment in both cases. At least one other published opinion in South Florida involved a court converting a motion to dismiss into a motion for summary judgment and giving the plaintiff a few weeks to engage in discovery, but staying discovery except for subject matter jurisdiction. *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (converting motion to dismiss into motion for summary judgment and granting summary judgment in favor of defendants). *See also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

thus provided an actual check in the amount of $1,427.00, payable to Plaintiff with a reservation that Plaintiff's counsel could seek reasonable attorneys' fees and costs from the Court. Defendants maintain Plaintiff cannot recover more than $1,427.00 in damages and argue that because Plaintiff has available a check in the amount of the statutory limit of his damages as determined by Plaintiff herself, Plaintiff's claims have been rendered moot and this action should be dismissed.

The majority in *Gomez* did not confront the specific issue raised here: whether a plaintiff's claim is mooted when a defendant tenders actual payment equal to the full amount of that claim. *See Gomez*, 136 S.Ct. at 672 ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to plaintiff, and the court then enters judgment for the plaintiff in that amount."). Although not directly confronting the issue, the Supreme Court in *Gomez* appeared to concede that cases involving offers of settlement or judgment might be distinguishable from those involving actual payment. *See id.* at 671 (distinguishing the case at hand from a series of railroad cases where "the railroad's payments had fully satisfied the asserted tax claims, and so extinguished them").

Despite the *Gomez* majority's reluctance to confront the issue of actual payment, the dissenting Justices made clear that such a measure would moot the issue in controversy. *See id.* at 684 (Alito, J., dissenting) ("I am heartened that the Court appears to endorse the proposition that a plaintiff's claim is moot once he has 'received full redress' from the defendant for the injuries he has asserted."). Justice Alito's dissent concludes that "[t]oday's decision thus does not prevent a defendant who actually pays complete relief—either directly to the plaintiff or to a trusted intermediary—from seeking dismissal on mootness grounds." *Id.* Numerous courts have

followed this approach since *Gomez* was decided. *See, e.g.*, *Price v. Berman's Auto., Inc.*, 2016 WL 1089417, at *2 (D. Md.) ("[I]f Berman's reissues an unconditional cashier's check equal to the amount of the down payment plus interest, it may re-file its motion and submit to the Court proof of payment and delivery of payment to Plaintiffs. The Court will then dismiss Plaintiffs' TILA claim as moot."); *Leyse v. Lifetime Entm't Servs., LLC*, 171 F. Supp. 3d 153, 155 (S.D. N.Y. 2016) (holding that the case was moot over the plaintiff's objection when an offer of full relief was provided in the form of a check), *aff'd*, 2017 WL 659894 (2d Cir. Feb. 15, 2017). In light of *Gomez* and its progeny, the Court should find that it is absolutely clear that when a defendant pays the complete relief a plaintiff can recover and the plaintiff receives that relief, same will moot the issue in controversy and thus require dismissal.

Finally, the Court should note that no review of any settlement pursuant to *Lynn's Food Stores* is necessary, as there is no settlement, nor an admission of liability (which Plaintiff is not entitled to), simply the provision of the full relief of that being sued for (arguably more than full relief, because the damages were reduced in [D.E. 7] as explained above).

Alternatively, there is waiver here, because Plaintiff put in writing that she was waiving her right to the last check because she stole the $500.00. *Neuman v. CTRL Sys., Inc.*, 2009 WL 4730722 (S.D. Fla. 2009) (noting that employee's FLSA claims are subject to estoppel/waiver via the doctrine of *in pari delicto*).

Further, concerning Count I, there is no FLSA claim that can be brought for unpaid wages—only minimum or overtime can be obtained under the Act. The courts recognize these limitations in the statute. *Lawal v. RTM*, 260 Fed. Appx. 149 (11th Cir. 2006).

## III. THE COURT CAN DETERMINE THE OVERTIME CLAIM (COUNT II) IS MOOT ALSO BECAUSE THE PAY RECORDS SHOW THE PLAINTIFF DID NOT WORK OVERTIME AND

**HAD SHE SHE WOULD HAVE BEEN COMMITTING FRAUD AGAISNT THE GOVERNMENT.**

Initially, for the time period April 2022, it is clear from the time records that the Plaintiff did not work overtime.

Concerning the time period for 2021, here, Plaintiff alleges that she worked for the corporate Defendant for over 1 year, and that she was not paid all of the overtime she is owed—but that is not plausible—it is clear that Plaintiff did not work overtime and thus there really was no violation of § 206 or § 207. Other than providing the general timeframe during which she worked, and simply stating an average number of hours worked that appears to be pulled out of the air, she fails to provide any dates or date ranges during which she worked overtime, or "any other factual basis on which this Court can make a 'just and reasonable inference' as to the amount and extent of [her] work." *St. Croix v. Genentech, Inc.,* 2012 WL 2376668, at *2 (M.D. Fla.) (granting motion to dismiss where plaintiff failed to provide sufficient factual support to demonstrate that she was inadequately compensated under the FLSA). The Eleventh Circuit has required something more than that which Plaintiff has alleged: a plaintiff must at least provide "evidence of the amount and extent of ... work" in order to survive a motion to dismiss. *Rance v. Rocksolid Granit USA, Inc.,* 292 Fed. App'x 1, 2 (11th Cir. 2008) (affirming district court's dismissal of FLSA overtime claim for failure to meet the "just and reasonable inference" standard because plaintiff's "complaint and attached documentation provide no evidence of the amount and extent of [plaintiff's] work").

Here, the Court can consider the time and pay records of the Defendant, as set forth above. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Those records show no overtime was worked, and then Plaintiff came

back to work, no one would return to work after a year's hiatus because if they were being made to work overtime and not being paid it they would not have returned.

Concerning individual liability, while Defendants submit that Count I is due to be dismissed because Plaintiff has failed to allege sufficient facts to satisfy the second prong of the analysis, they note that Plaintiff has also failed to establish sufficient facts to establish prong one against the individual Defendants—that is, whether or not they are even an employer, individually. Plaintiff's contention that the individual Defendants are an "employer" as defined under the FLSA, and thus, may be held personally liable for the company's violations under the FLSA, is inadequate, because their liability is only derivative to that of the corporate Defendant. *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986); *Zarate v. Jamie Underground, Inc.*, 629 F. Supp. 2d 1328 (S.D. Fla. 2009). There are no allegations setting forth how the individual Defendants' derivative liability has been established, only legal conclusions that each one of them ran the company day-to-day.

## CONCLUSION

For the foregoing reasons, the Plaintiff's action should be declared moot, and the case should be dismissed with prejudice, with the Court reserving jurisdiction to award reasonable fees and costs, if any. The Defendants request that the Court order that the Plaintiff proceed in the most expeditious manner so as not to have the fees balloon with respect to the determination of what a reasonable fee is in this case.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 21, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (opposing counsel) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

The Kleppin Firm, P.A.
Attorneys for Defendants
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Fax (954) 474-7405
E-mail: chris@klklawfirm.com

By __s/Chris Kleppin________
Chris Kleppin
Fla. Bar No. 625485

C:/MyDocuments/BerelliEnterprises/DefMtoDismiss02/21/23