**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:22-cv-62399-RAR**

VIRGINIE FAIZOMA,

Plaintiff,

v.

BERELLI ENTERPRISES, LLC
d/b/a CHEVRON and BENEDICT
RAMRATTAN, individually, jointly,
and severally,

Defendants.
_________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION – MOOTNESS**

Plaintiff, VIRGINIE FAIZOMA ("Plaintiff"), by and through her undersigned counsel, hereby files this Response in Opposition to Defendants' Motion to Dismiss Because of Lack of Subject Matter Jurisdiction – Mootness [D.E. 20], and states as follows:

**BACKGROUND**

On December 22, 2022, Plaintiff filed a Complaint against Defendants for unpaid wages, failure to pay overtime wages, and for failure to pay minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and amended said Complaint on February 9, 2023. During the relevant FLSA time period, Plaintiff regularly worked over forty (40) hours in a week. However, Defendants never tracked those hours (which were overtime hours), nor compensated Plaintiff for same. Defendant also failed to compensate Plaintiff for all hours worked between April 10, 2022 and April 22, 2022.

# MEMORANDUM OF LAW

## I. LEGAL STANDARD OF REVIEW

"Attacks on subject matter jurisdiction come in two varieties: Facial attacks challenge the face of the pleadings, while factual attacks challenge jurisdiction as a matter of fact, regardless of the allegations in the pleadings." *Soto v. Tacos Davie, Co.* 2022 U.S. Dist. LEXIS 136386, at *3 (S.D. Fla 2022) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "In resolving a factual attack, the district court may consider extrinsic evidence[.]" *Soto* at *3 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). District courts may only exercise jurisdiction over "cases" or "controversies." U.S. Const. art III. Accordingly, "a federal court has no authority to give opinions upon moot questions[.]" *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009). For the reasons stated below, this case is not moot. Plaintiff has rejected Defendants' tender, which was not a full offer resolving Plaintiff's claims, so a "live controversy" remains. *Friends of Everglades*, 570 F.3d at 1216.

In Defendants' argument relative to the legal standard of review, Defendants request this Court to limit discovery on issues detailed in Defendants' Motion to Dismiss. [D.E. 20, at p. 5]. Defendants cite to *Delisle v. LYG Corp.*, 535 F. Supp. 2d 1266 (S.D. Fla. 2008) and *Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368 (S.D. Fla. 2008), as the basis for limiting discovery, however, it is important to note that those cases allowed for limited discovery as Defendants in both cases disputed whether the Defendant Corporation had sufficient gross sales to be covered by the FLSA, which would implicate both the jurisdictional basis and an element in Plaintiff's federal claim. In this case, Defendants do not dispute that the Corporate Defendant in this case made less than

$500,000.00, which would allow this Court to limit discovery for the purpose of determining subject matter jurisdiction as to whether the Corporate Defendant's coverage under the FLSA. Instead, Defendants attempt to confuse this Court by citing to the above cases and more[1] to allow this Court to consider Defendant's affidavit as its reason for lack of subject matter jurisdiction without converting Defendants' Motion to Dismiss to a Motion for Summary Judgment. However, as detailed below the Defendants argument for its basis for lack of subject matter jurisdiction fails and its analysis for limiting discovery is misplaced, thus, this Court should deny Defendants' Motion to Dismiss and deny their request to limit discovery.

**II. A MERE TENDER OF PAYMENT DOES NOT MOOT AN FLSA CLAIM.**

Defendants claim that an offer of full relief was made by providing an "actual check in the amount of $1,427.00, payable to Plaintiff with a reservation that Plaintiff's counsel could seek reasonable attorneys' fees and costs from the Court." [D.E. 20], at p. 7. Additionally, Defendants contend that "Plaintiff cannot recover more than $1,427.00 in damages and argue that because Plaintiff has available a check in the amount of the statutory limit of his damages as determined by Plaintiff herself, Plaintiff's claims have been rendered moot and this action should be dismissed." *Id*. However, such statements are completely untruthful and misleading to this Court. Specifically, on February 22, 2023, Plaintiff's counsel received a check in the mail from Defendants' counsel in the amount of $396.18, well below what Plaintiff is actually owed as detailed in Plaintiff's Amended Complaint [D.E. 14] and Statement of Claim [D.E. 15]. Nevertheless, even if Defendants provided a check in the amount of $1,427.00, such amount is also well below what Plaintiff is actually owed.

---

[1] *Cordero v. Red Grouper, Inc.*, 2008 WL 1781158 (M.D. Fla. 2008); *Lopez v. Top Chef Investment, Inc.*, 2007 WL 4248646, *3 (S.D. Fla. 2007); *Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006)

Further, Defendants cite to various non-binding, non-FLSA cases from districts like Maryland[2] and New York[3] in support of the erroneously bold claim that "it is absolutely clear that when a defendant pays the complete relief a plaintiff can recover and the plaintiff receives that relief, same will moot the issue in controversy and thus require dismissal."[4]

The Eleventh Circuit has explained that the tender of damages unaccompanied by an actual judgment does not moot claims under the FLSA. *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166-67 (11th Cir. 2012)[5] (holding that a settlement offer for the "full relief requested" means "the full amount of damages **plus judgment**") (emphasis added); *Wolff v. Royal Am. Mgmt.*, 545 F. App'x 791, 794-95 (11th Cir. 2013) (noting in an FLSA action that "*Zinni* made clear that so long as a settlement agreement **does not include an offer of judgment** against a defendant (and it did not in this case), whether a plaintiff accepted the settlement makes no difference.") (emphasis added).

In accordance with binding Eleventh Circuit precedent, this Court has explained that the tender of damages sought in an FLSA case "does not equate to full relief because it **fails to include an offer of judgment**." *Johnson v. Miami-Dade Cty.*, No. 16-21658-CIV, 2017 U.S. Dist. LEXIS

---

[2] *Gray v. Kern*, 143 F. Supp. 3d 363, 366-67 (D. Md. 2016); *Price v. Berman's Auto, Inc.*, 2016 WL 1089417, at *2 (D. Md.)

[3] *Leyse v. Lifetime Entm't Servs., LLC*, 171 F. Supp. 3d 153, 155 (S.D. N.Y. 2016).

[4] Defendants further cite to *Campbell-Ewald Co. v. Gomez,* 136 S.Ct. 663, 193 L.Ed.2d 571 (2016), another non-FLSA case, where as Defendants concede, the majority "did not confront the specific issue raised here: whether a plaintiff's claim is mooted when a defendant tenders actual payment equal to the full amount of that claim." Motion [D.E. 20], at p. 8. Instead, *Gomez* focused on whether, in accord with Rule 68 of the Federal Rules of Civil Procedure, an unaccepted settlement offer or offer of judgment mooted a plaintiff's case – ultimately finding that it did not. *Id.* at 672. Nevertheless, the current matter does not concern a Rule 68 offer.

[5] In *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166-67 (11th Cir. 2012), the Eleventh Circuit held that a settlement offer for statutory damages under the Fair Debt Collection Practices Act ("FDCPA") without an accompanying offer of judgment did not amount to full relief and did not render the plaintiff's claim moot. 692 F.3d at 1167-68. The Eleventh Circuit explained the enhanced enforcement options available to a plaintiff once a judgment is entered.

49425 (S.D. Fla. Mar. 30, 2017) (emphasis added); *accord Tapia v. Fla. Cleanex, Inc.*, 2012 U.S. Dist. LEXIS 187799 (S.D. Fla. Dec. 7, 2012) ("With its expansive language about **the importance of an offer of judgment to a settling plaintiff**, *Zinni* leaves little room for doubt that Defendants' offer, which does not include an offer of judgment, does not constitute full relief of Tapia's FLSA claim." Further explaining that "[a] tender of payment is not enough; **a Rule 68 offer of judgment is required** absent a stipulated Rule 41 dismissal of the case").

Other courts in the Eleventh Circuit have mirrored the no judgment, no mootness doctrine. *See Renia v. Curtis Protective Servs.*, No. 6:19-cv-1724-CEM-DCI, 2022 U.S. Dist. LEXIS 93557, at *5-6 (M.D. Fla. Mar. 7, 2022) (FLSA case finding that "payment of full damages – **without an offer of judgment** – does not moot a claim") (internal citations and quotations omitted) (emphasis added).

In *Zelaya v. Cargo Logistics Grp. United States LLC*, No. 16-cv-23669, 2017 U.S. Dist. LEXIS 8872 (S.D. Fla. Jan. 23, 2017), defendants sent a check to plaintiff tendering full backpay and liquidated damages under the FLSA. Thereafter, defendants filed a motion to dismiss arguing the tender rendered Plaintiff's FLSA claim moot and deprived the court of subject matter jurisdiction under 12(h)(3). *Id.* at *2-3. This Court denied the motion to dismiss. In doing so, this Court explained that "Federal Rule of Civil Procedure 69 is the proper avenue for making an offer of settlement with the mootness effect Defendants desire." *Id.* (internal citations and quotations omitted).

Moreover, the U.S. Supreme Court's decision in *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153 (2016), which Defendants rely on heavily in the Motion, provides that even an unaccepted settlement offer or offer of judgment under Rule 68 would not render Plaintiff's case moot. *Id.* at 165 (finding that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's

case, so the District Court retained jurisdiction to adjudicate Gomez's complaint."). Accordingly, this case is not moot.

Additionally, the cases cited by Defendants fail to support their position. Although Defendants are correct that the Eleventh Circuit approved a district court's dismissal following a full tender of payment in an FLSA case, Defendants analysis is again, misplaced. *See Dionne v. Floormasters Enterprises, Inc.*, 647 F.3d 1109, 1111 (11th Cir. 2011) (*Dionne I*), *vacated and superseded*, *Dionne II*, 667 F.3d 1199. Crucially, unlike the plaintiff in that case, here Plaintiff does not consent to Defendants' Motion to Dismiss. *See Dionne II*, 667 F.3d at 1206 n.5 (clarifying that the decision in *Dionne* was limited to the narrow circumstance of "an employee who **conceded** that his claim should be dismissed") (emphasis added). The additional cases cited by Defendants are similarly distinguishable in that the plaintiffs in those cases accepted the defendants' tender. *See Rakip v. Paradise Awnings Corp.*, 514 Fed. Appx. 917, 919 (11th Cir. 2013) (parties signed a settlement agreement); *Bilbao v. Bros. Produce*, No. 13-cv-20535, 2013 U.S. Dist. LEXIS 65812, at *5 (S.D. Fla. 2013) ("The Response admits that [the plaintiff]'s claims . . . are moot because payment was tendered[.]"); *Gathagan v. Rag Shop/Hollywood, Inc.*, No. 04-cv-80520, 2005 U.S. Dist. LEXIS 47235, at *2 (S.D. Fla. Feb. 10, 2005) ("Plaintiff accepted the tender[.]"). Unlike in this case, Plaintiff rejects Defendants' tender and adamantly opposes dismissal of her claims.

Lastly, Defendants argue that "no review of any settlement pursuant to *Lynn's Food Stores* is necessary, as there is no settlement, nor an admission of liability (which Plaintiff is not entitled to), simply the provision of the full relief of that being sued for (arguably more than full relief, because the damages were reduced in [D.E. 7] as explained above)." [D.E. 20], at p. 8. As detailed above, Plaintiff opposes such statement as Defendants' have not provided full relief and the cited docket entry is wholly irrelevant to Defendants' argument. Docket entry seven (7) is this Court's

paperless order granting Defendants' Motion for Extension of Time to respond to Plaintiff's Complaint.

In the alternative, Defendants attempt to argue that Plaintiff waived her right to her last check "because she stole the $500.00." [D.E. 20], at p. 8. Defendants cite to *Neuman v. CTRL Sys.*, 2009 WL 4730722 (S.D. Fla. 2009), however, in *Neuman*, this Court did **not** note that an employee's FLSA claims are subject to estoppel/waiver via the doctrine of *in pari delicto*, in fact, the Court in *Neuman*, simply addressed Plaintiff's Motion to Strike Affirmative Defenses, neither of which dealt with the doctrine of *in pari delicto*, but rather with the doctrine of unclean hands.

To assert an *in pari delicto* defense, a defendant must show that "the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress." *Bailey v. Titlemax of Ga., Inc.*, 776 F.3d 797, 802 (11th Cir. 2015) (quoting *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1308 (11th Cir. 2013). To invoke *in pari delicto* to bar a claim brought under a federal statute, the defendant must also show a second element: that barring the suit would not "substantially interfere" with the policy goals of the statute. *Id*. It is important to note that in private FLSA actions, courts are empowered to grant *only legal* relief. *See Bailey v. Gulf Coast Transp., Inc.*, F.3d 1333, 1335 (11th Cir. 2002) ("For violations of the wage and overtime provision, the FLSA does not list equitable relief as an available remedy in an employee suit.") (emphasis added). Nevertheless, Defendants have entirely failed to show any of the elements required to invoke the doctrine of *in pari delicto*. As such, this Court must deny Defendants' Motion to Dismiss as Plaintiff did not waive her right to her last check. *See Torres v. Rock & River Food Inc.*, No. 15-22882-CIV-Scola, 2016 U.S. Dist. LEXIS 190559 (S.D. Fla. May 11, 2016) (rejecting the *in pari delicto* defense) (citing *Solano v. A Navas Party Production, Inc.*, 728 F. Supp. 2d 1334, 1339-40

(S.D. Fla. 2010); *Martinez-Pinillos v. Air Flow Filters, Inc.*, 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010)).

Defendants also assert that according to *Lawal v. RTM*, 260 Fed. Appx. 149 (11th Cir. 2006), Plaintiff is not entitled to unpaid wages under the FLSA, however, the court in *Lawal* did not address such issue and concluded that Plaintiff's FLSA claim was dismissed as a sanction for failing to comply with discovery. The court further concluded that the district court did not abuse its discretion in denying Plaintiff's motion to amend his complaint and for the district judge to recuse himself. *See id*. at 154-55.

## III. PLAINTIFF'S OVERTIME CLAIM IN COUNT II IS NOT MOOT BECAUSE DEFENDANTS ONLY PROVIDED PAY RECORDS THAT HAVE BEEN ALTERED.

Defendants allege that the "time records" for the time period in April 2022, shows that Plaintiff did not work overtime, however, Defendants ***again*** attempt to mislead this court by labeling Defendants **pay** records as **time** records, which are not one in the same. (emphasis added). However, even those pay records provided to this Court are clearly altered because Plaintiff agreed to return to work (at the request of Defendant) beginning on or about April 10, 2022 and her last day of work was on or about April 22, 2022.

Nevertheless, Defendants attempt to argue that the Amended Complaint fails to state a claim under the FLSA, warranting a dismissal because according to Defendants, Plaintiff, "[o]ther than providing the general timeframe during which she worked, and simply stating an average number of hours worked that appears to be pulled out of the air, she fails to provide any dates or date ranges during which she worked overtime, or 'any other factual basis on which this Court can make a 'just and reasonable inference' as to the amount and extent of [her] work.'" *St. Croix v. Genentech, Inc.*, 2012 WL 2376668, at *2 (M.D. Fla.). However, *St. Croix* is distinguishable from

this case as the Court in *St. Croix* found in favor of Defendant because Plaintiff's complaint "provides no detail concerning when or where [St. Croix] was allegedly employed, whether she was exempt or non-exempt, her theory of recovery, how many hours she allegedly worked, or the date(s) of the alleged violation(s)." *Id*. at *5.

Here, U.S. District Court Judge Rodolfo A. Ruiz II entered an Order in Actions Brought Under the Fair Labor Standards Act. [D.E. 8]. Judge Ruiz enters said Order in all FLSA cases to which he is assigned. The Order requires an FLSA Plaintiff to file either a "Statement of Claim" or an Amended Complaint that outlines, at a minimum, an initial estimate of the alleged unpaid wages, a preliminary calculation of such wages, the approximate period during which the violation occurred, and the nature of the wages (e.g., overtime or straight time) and further directs Plaintiff to furnish her supporting documents to Defendants' counsel. [*Id*. at p. 1-2].

Plaintiff in this case has filed a Statement of Claim, which meets the above requirements, along with the supporting documents in Plaintiff's possession at the time of filing same as directed by Judge Ruiz's Order. [D.E. 15 and 15-1]. However, since the filing of Plaintiff's Statement of Claim and in light of the extreme, untruthful allegations made by Defendants and Defendants' counsel, Plaintiff has recently found additional supporting documents that were not available to her at the time of filing the Amended Complaint nor the Statement of Claim, and will be furnishing those additional supporting documents to Defendants' counsel upon Plaintiff's filing of this Response in Opposition to Defendants' Motion to Dismiss.

Further, Plaintiff urges this Court to review the video produced by Defendants as it clearly fails to show Plaintiff "stealing" any money whatsoever. In fact, what the video depicts is the Plaintiff placing the money below the register, which is directly next to the safe, while she took care of the customer in front of her. Clearly, Defendants are attempting to deceive this Court

through Defendants' counsel and Defendant, himself under oath, in believing that the Plaintiff "stole" $500.00, without actually providing a video depicting the Plaintiff stealing any money.[6] Defendants could have provided other documents to prove that the cash register was short. Instead, Defendants produce a video that fails to show Plaintiff stealing any money as proof that Plaintiff allegedly stole money.

Defendants further state that Plaintiff "admitted" in writing to stealing money and "refused" to pick up her last check. In light of such clear misrepresentation of the facts, Plaintiff has attached the full conversation that led to Defendant's, Benedict Ramrattan's ("Mr. Ramrattan"), accusation that the Plaintiff stole money from him. *See text message between Plaintiff and Mr. Ramrattan attached hereto as Composite Exhibit A*. Upon this Court's review of the full conversation between Mr. Ramrattan and the Plaintiff, it will realize there was truly no admission and certainly no refusal to pick up her last check. This issue will be clearly revealed through discovery and as detailed above and below, not a basis for granting Defendants' Motion to Dismiss.

Defendants attempt to argue that because Plaintiff received government assistance, she could not have worked any overtime hours. However, such statement does not prove that Plaintiff did not work overtime hours. Defendants' allegation and pay records simply prove that Plaintiff did not earn enough money to disqualify her from receiving government assistance. The government provides assistance based on one's income, not how many hours one works. Had Defendants properly paid Plaintiff for all hours worked, Plaintiff may not have necessitated government assistance. Regardless, such allegations are irrelevant to whether Plaintiff is entitled

[6] Defendants' counsel again misrepresents to this Court that Defendants' counsel provided the video to undersigned counsel. Undersigned has yet to receive any video and is only aware of said video as Defendants attached same to their Motion to Dismiss.

to overtime and does not dissolve Defendants liability when Defendants knew they were violating the FLSA. *See Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801-04 (11th Cir. 2015).

Defendants' counsel further attempts to interject impertinent and irrelevant matters in the motion by arguing that it is not "believable" that the Plaintiff went back to the job "1 year later" after not being paid her overtime for "several months in 2021." However, it is important to note that Plaintiff was actually never aware that she was entitled to overtime pay and it was not until she sought legal counsel for her unpaid wages for the two (2) weeks of work in April 2022, that she became aware that she was entitled to overtime pay for all hours worked over forty (40) hours in a week. What is even more striking is Defendant's affidavit whereby he attached pay records to attempt to show this Court that Plaintiff never worked overtime. However, Defendant failed to provide Plaintiff's timesheets showing her clock in and clock out records. In fact, Defendants are unable to provide such records because Defendants do not have a clock in/out system for their employees.

As to Defendants' argument regarding individual liability, the term "employer" is defined by the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). A corporate officer must also "be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638. Defendant, Mr. Ramrattan, meets those standards. He owned and operated the gas station at which Plaintiff was employed. He hired Plaintiff, and had the ability to fire her. He supervised Plaintiff and taught her how to perform the

duties of her job. He set her work schedule and issued her pay checks and had the power to change Plaintiff's schedule and rate of pay. As such, Mr. Ramrattan can be held individually liable as Plaintiff's "employer" under the FLSA as alleged in Plaintiff's Amended Complaint. [D.E. 14, ¶¶ 8-12].

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied. In the alternative, Plaintiff requests an opportunity for Plaintiff to amend the Amended Complaint if this Court believes Counts I, II and/or III are not sufficiently pled.

Respectfully submitted,

FRIEDLAND & ASSOCIATES
707 NE 3RD Avenue, Suite 201
Fort Lauderdale, Florida 33304
954-321-8810; 954-312-8995 (facsimile)
Pleadings@yourfightourbattle.com

By: /s/ *Greeny Valbuena*
Lee Friedland, Esquire
Fla. Bar No. 991163
Greeny Valbuena, Esquire
Fla. Bar No.: 1018239

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail or by electronic mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

FRIEDLAND & ASSOCIATES, P.A.
Attorneys for Plaintiff
707 NE 3rd Avenue, Suite 201
Fort Lauderdale, Florida 33304
954 321-8810; 954 321-8995 (facsimile)

greeny@yourfightourbattle.com
pleadings@yourfightourbattle.com

By: /s/ *Greeny Valbuena*
Lee Friedland, Esquire
Fla. Bar No. 991163
Greeny Valbuena, Esquire
Fla. Bar No.: 1018239