UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-62399-CIV-RUIZ

VIRGINIE FAIZOMA,

Plaintiff,

v.

BERELLI ENTERPRISES, LLC, and
BENEDICT RAMRATTAN,

Defendant.
_______________________________________/

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS INCLUDING BECAUSE OF LACK OF SUBJECT MATTER JURISDICTION—MOOTNESS**

Defendants, Berelli Enterprises, LLC and Benedict Ramrattan, by and through undersigned counsel, file this Reply Memorandum in Support of Their Motion to Dismiss Including Because of Lack of Subject Matter Jurisdiction—Mootness, and in support state:

**PRELIMINARY STATEMENT**

It is worth mentioning that there are 2 distinct claims in the case: 1) there is a claim for alleged unpaid overtime for 2019-21, and 2) there is a claim for Plaintiff's last paycheck for a 2-week period of time in which she worked in April 2022. Plaintiff conflates these 2 claims in her Response. In Defendants' Motion to Dismiss, Defendants approached the 2 claims very differently. Concerning the claim for alleged unpaid overtime in 2019-2021, Mr. Ramrattan averred that the attached time and pay records demonstrate that Plaintiff did not work overtime during that period. Moreover, concerning the second, Mr. Ramrattan averred how a check was prepared for Plaintiff for the week or so worth of work, but Plaintiff did not pick it up because she felt bad about being caught stealing $500.00 (which is more than the amount of her check),

but that it was later provided to her counsel (who has retained it). That ends the issue with the second check.

Plaintiff submits no evidence in contravention to Mr. Ramrattan's Declaration, and thus it should carry the day, as it sets forth through averments that Plaintiff did not work overtime from 2019-2021 and could not because of her governmental assistance that she was receiving and needed as demonstrated by the corporate Defendant's time and pay records for Plaintiff. (*Decl. of Benedict Ramrattan* ¶¶ 1-6). Concerning the last paycheck, Mr. Ramrattan averred that she was told to pick it up, but she did not (she instructed that he should keep it) because she felt bad that she stole his money. *Id.* ¶¶ 2-5. Despite these admissions, the payroll company created the check and Plaintiff was informed she should pick it up (and he also told her that she should refund the money she stole). *Id.* Plaintiff did not, so Defendants sent it to her counsel and she is now in possession of it. Under these circumstances, Defendants maintain that both of these issues (the only 2 claims in the case) are now resolved, because without more, the Court cannot rely simply on the argument of counsel. *Pollock v. Birmingham Trust Nat. Bank,* 650 F.2d 807, 811 (5th Cir. Unit B Jul.1981) ("[T]here is simply no evidence in the record before us that in any way establishes the [material facts]. All we have is the argument of counsel . . . , and we are sure that learned counsel understand that summary judgment must rest on something more."). Here, the Plaintiff does not object to the use and reliance on the attachments to the Motion and thus the Court should accept that testimony as it is unrebutted.

Plaintiff asserts the following arguments: 1) a mere tender of payment does not moot a claim; 2) the amount paid does not represent Plaintiff's entire claim; 3) Plaintiff rejected the tender of her last paycheck monies; 4) Plaintiff did not waive her right to her last paycheck; 5) the April 2022 time and pay records are altered and Plaintiff claims she is owed thousands of

dollars in the Statement of Claim; 6) the text messages do not show that Plaintiff stole $500.00 from the corporate Defendant; and 7) the video was never provided to Plaintiff.

## MEMORANDUM OF LAW

### I. The Tender of the Payment and Its Effect.

Plaintiff conflates the 2 claims and maintains that $396.18 is not Plaintiff's entire claim. While it might not be her alleged entire claim, the Declaration of Ramrattan and the attached time and pay records show that there is no claim for the 2019-2021 period. Concerning the last paycheck, while it is true the amount is referred to in the motion at $1,427.00 on 2 occasions (and we apologize for those two errors) those were obvious typographical errors. The actual letter and provision of the check are attached hereto as Exhibit 1. Plaintiff knows (as stated in the Declaration of Ramrattan) that the last paycheck was $396.18, which is based on her time and pay records. Thus, the point is that the provision of the $396.18 ends the last paycheck issue.

While Plaintiff spends pages 3-8 arguing that the $396.18 does not moot the whole case and thus could not constitute an offer of full relief, and analyzes cases that are not pertinent, it moots the claim concerning the last paycheck. That claim was spurious any way because Plaintiff told Ramrattan that she did not want it and was not going to get it under the circumstances.

### II. The Tender and the Amount of the Claim.

The tender pertains to the last paycheck because the time and pay records from 2019-2021 show that Plaintiff is not owed any overtime. Plaintiff provides no testimony or evidence that she worked overtime but was not paid it and thus does not rebut the Declaration of Ramrattan.

**III. The Plaintiff Did Not Reject the Tender, and the Payment was Provided to Her More than 6 Weeks Ago and has Retained It.**

On page 6, Plaintiff claims that "Plaintiff rejects Defendants' tender and adamantly opposes dismissal of her claims." However, Plaintiff has kept the funds for 6 weeks now and thus has accepted the tender ending the issue with the last paycheck. See Exhibit 1. The delay is the Plaintiff's as she wrote that she was not going to accept it under the circumstances.

**IV. Plaintiff Did Waive Her Right to Her Last Paycheck and has also Ended This Issue By Accepting the Last Paycheck.**

Initially, for the time period April 2022, it is clear from the time records that the Plaintiff did not work overtime. However, Plaintiff bears the burden of the delay in its receipt because she refused to pick it up and told Ramrattan that she would not do so. Eventually, we gave it to her, given the suit.

**V. The April 2022 Time and Pay Records Are Not Altered and Plaintiff Is Not Owed Thousands of Dollars as Stated in the Statement of Claim.**

Plaintiff claims that the pay records for the time period 2019-2021 are "clearly altered", (*Response* at 8), but there that is just argument of counsel. No evidence has been submitted that her time and pay records have been altered much less clearly so. In fact, no description of anything altered is even provided. The time information, the pay information, both, something else. These records are from years ago that Plaintiff received pay and paystubs on and were drafted by a third-party payroll company.

**VI. The Text Messages Do Show That Plaintiff Stole $500.00 which Is Also Supported by the Video.**

Plaintiff claims that the text messages do not show that Plaintiff stole the $500.00 but they admit that more than 1 time, which was the reason why she forewent the check. The Court

will draw its own conclusions, but notably no additional sworn admissible evidence has been submitted concerning the texts, only the legal argument that her admission was sarcastic.

### VII. The Video Was Provided to the Plaintiff and the Denial of That Is Wholly Without Merit.

The video is contained in the very text messages that Plaintiff attached to her Response, yet she claims that Plaintiff never received them, and that Defendants' counsel misrepresents to this Court that Defendants' counsel provided video" (*Response* at 10 n.6), Defendants never said that their counsel provided it to Plaintiff's counsel presuit, but it was provided to Plaintiff months ago via Snapchat and provided in link form in the motion. Under these circumstances to accuse counsel of making a misrepresentation is misplaced.

## <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiff's action should be declared moot, and the case should be dismissed with prejudice, with the Court reserving jurisdiction to award reasonable fees and costs, if any. The Defendants request that the Court order that the Plaintiff proceed in the most expeditious manner so as not to have the fees balloon with respect to the determination of what a reasonable fee is in this case.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 29, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (opposing counsel) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

The Kleppin Firm, P.A.
Attorneys for Defendants
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Fax (954) 474-7405
E-mail: chris@klklawfirm.com

By s/Chris Kleppin
Chris Kleppin
Fla. Bar No. 625485

C:/MyDocuments/BerelliEnterprises/DefReplytoMtoDismiss03/29/23